UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KAREEM ESHUN, :
        Petitioner, : CIVIL ACTION
    v. :
: No. 2:15-cv-1001
MAHALLAY, et al., :
        Respondents. :
_____

## MEMORANDUM

Report and Recommendation, ECF No. 8- Adopted

**JOSEPH F. LEESON, JR.**                                                           **JUNE 26, 2015**
**United States District Judge**

### I. Introduction

On February 25, 2015, Petitioner Kareem Eshun filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging trial counsel's effectiveness in two criminal cases in the Philadelphia Court of Common Pleas. ECF No. 1. After a trial in absentia, Petitioner was found guilty of two counts of Robbery and two counts of Possession of an Instrument of Crime. Petitioner did not file a direct appeal, and his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, was denied. On June 3, 2015, Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied. R&R, ECF No. 8. No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

### II. Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 152 (1985). Nevertheless, the United

States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." Harper v. Sullivan, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); see also Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

In the absence of objections, this Court has reviewed the record for plain error and has found none.

The R&R first outlines the factual history of this case, the standards of review in habeas corpus cases and for challenges to the effectiveness of counsel, and the exhaustion and procedural default doctrines. R&R 1-9.

Next, Magistrate Judge Rueter determines that Petitioner's first claim, that counsel failed to provide effective legal advice concerning a plea bargain, should be denied for the reasons set forth by the PCRA court. R&R 9-14 (explaining that a federal habeas court may only overturn the state court's decision if it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" (quoting 28 U.S.C. § 2254(d)(2))).

The Magistrate Judge then determines that Petitioner's second claim, that trial counsel was ineffective by failing to consult him about filing a direct appeal, was never raised in the state courts, is now barred by the one-year statute of limitations, and is procedurally defaulted. R&R

2

14-15.[1]  See Robles v. Wilson, No. 06-2115, 2009 U.S. Dist. LEXIS 20264, at *11-17 (E.D. Pa. Mar. 11, 2009) (determining that the habeas petitioner, who did not challenge counsel's failure to file a statement of errors complained of an appeal in the state courts, did not show "cause and prejudice" to allow his unexhausted claims to be considered on the merits).

Finally, the R&R concludes that Petitioner's third claim, that the trial court erred in holding a trial and sentencing him in absentia, is procedurally defaulted and without merit.  R&R 16 (citing Taylor v. United States, 414 U.S. 17, 18-19 (1973) (holding that the trial court did not deprive the petitioner of any constitutional rights by trying him in absentia)).

Magistrate Judge Rueter recommends that the habeas corpus petition be denied and that no certificate of appealability ("COA")[2] be issued.  R&R 16 ("The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).").

After review and in the absence of objections, this Court will adopt the R&R.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Agreeing that this claim is procedurally defaulted, this Court will not address the Magistrate Judge's alternative conclusion that the claim lacks merit because Petitioner absconded and was a fugitive during the thirty-day appeal period.  Compare R&R 15, with Kindler v. Horn, 642 F.3d 398, 402 (3d Cir. 2011) (explaining, "there was no firmly established fugitive forfeiture rule mandating the dismissal of an appeal first filed upon a fugitive's return to custody").

[2] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  Tomlin v. Britton, 448 Fed. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).